MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

[JOINT FILING — SEE SIGNATURE PAGE FOR COUNSEL]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| Nebraska Furniture Mart, Inc., <br><br> *Plaintiff*, <br><br> vs. <br><br> Kelora Systems, LLC, <br><br> *Defendant*. | No. 4:11-cv-2284-CW <br><br> **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** <br><br> Hearing Date: Tuesday, May 31, 2011 <br> Hearing Time: 2:00 p.m. <br> Place: Courtroom 2, 4th Floor |

## JOINT CASE MANAGEMENT STATEMENT

The parties have conferred and hereby submit this Joint Case Management Statement pursuant to Fed. R. Civ. P. 26(f), Civil L.R. 16-9, Patent L.R. 2-1, and the Court's May 24 Order Relating Cases and Case Management Order [Dkt No. 23].

### 1. **Jurisdiction and Service**

> Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

This case is a patent case, involving U.S. Patent No. 6,275,821 ("'821 patent"). The parties agree that there is subject matter jurisdiction under 35 U.S.C. §§ 1331 and 1338(a), and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. There is no dispute that personal jurisdiction (and thus venue) is proper. All parties have been served.

### 2. **Facts**

> Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

On February 3, 2011, Nebraska Furniture Mart, Inc. ("NFM" or "Nebraska Furniture Mart") filed the present complaint against Kelora Systems, LLC ("Kelora") in Delaware, seeking

-17-
JOINT CASE MANAGEMENT STATEMENT — No. 11-2284-CW

a declaratory judgment of non-infringement and invalidity of the claims of the '821 patent. (Dkt. No. 1). On April 8, 2011, Kelora answered NFM's complaint. (Dkt. No. 13). On April 29, 2011, NFM answered Kelora's counterclaims. (Dkt. No. 17). On May 5, 2011, this matter was transferred to the Northern District of California (Dkt. No. 19) pursuant to a joint stipulation (Dkt. No. 18). On May 24, 2010 this matter was ordered related to earlier filed matters, including a declaratory judgment action filed on November 2, 2010, by eBay and Microsoft. (Dkt. No. 23, relating to Case No. 10-4947).

While in Delaware, there was a case management conference and a jointly proposed scheduling order was agreed to. The Delaware schedule called for a *Markman* hearing on claim construction in January 2012.

Kelora states that the schedule Kelora proposes below calls for such a hearing on November 17, 2011, pursuant to the Court's expressed desire to have this matter track the schedule in Case No. 10-4947. Pleading in this matter is complete, and the matter is ripe to proceed to exchange of contentions and a Markman hearing.

NFM states that this matter was only recently transferred to this Court and that no substantive activity has occurred. Kelora's proposed schedule, which would require NFM to work full press to catch up to the schedule in Case No. 10-4947 and prepare for a Markman hearing on November 17, 2011 is therefore inappropriate. As such, NFM proposes a schedule which is similar to the agreed Delaware order in allotted time frame between filings and events, and which also makes provision for the delay in the proceedings that has occurred due to transfer and the trailing nature of this case relative to the related cases.

### 3. **Legal Issues**

Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

The parties agree that the principal legal issues in dispute include:

a. The meaning of various claim terms of the '821 patent;

b. Whether the '821 patent is infringed;

c. Whether the '821 patent is invalid;

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

| | | |
|---|---|---|
| 1 | d. | The collateral estoppel effect of the prior final judgment of invalidity with respect |
| 2 | | to the claims of the '821 patent amended in reexamination; |
| 3 | e. | Whether any injunction(s) should issue; |
| 4 | f. | If the '821 patent is infringed and valid, what damages and/or other relief would be |
| 5 | | appropriate; |
| 6 | g. | If the '821 patent is infringed and valid, whether such infringement was willful; |
| 7 | h. | If any infringement the '821 patent was willful, whether increased damages should |
| 8 | | be awarded; |
| 9 | i. | Whether any party is entitled to attorneys' fees under 35 U.S.C. § 285 or costs. |

### 4. Motions

Motions: All prior and pending motions, their current status, and any anticipated motions.

*Prior motions*: The parties stipulated to transfer this matter to the Northern District of California. Transfer was ordered on May 5, 2011 in Dkt. No. 19. The only other prior motions relate to Pro Hac Vice appearances and a Joint Stipulation Regarding Extension of Deadline to Submit Joint Case Management Statement (Dkt. No. 25).

*Pending motions*: There are no pending motions.

*Anticipated motions*: The parties will brief the issue of claim construction, and may file dispositive motions on the issues of (non)infringement and/or (in)validity that turn on the proper construction of the claims. NFM anticipates filing a motion or motions for admission of counsel Pro Hac Vice in the next several days.

### 5. Amendment of Pleadings

Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

The parties' respective proposals for amending pleadings without leave of Court are set forth in Section 17 below. Otherwise, no amendments without leave of the Court will be allowed.

### 6. **Evidence Preservation**

> Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action.

The parties agree that additional issues will be discussed and negotiated in connection with the entry of a Stipulated Protective Order for this case.

### 7. **Disclosures**

> Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of FED. R. CIV. P. 26 and a description of the disclosures made.

The parties will serve initial disclosures under FED. R. CIV. P. 26(a)(1) on or before June 29, 2011.

### 8. **Discovery**

> Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

#### a. **Discovery Limits**

A maximum of twenty-five (25) interrogatories by Plaintiff, and a maximum of twenty-five (25) interrogatories by Defendant, unless increased by agreement of parties or Court Order.

A maximum of twenty-five (25) requests for admission by each side, with unlimited requests for admission for authentication of documents by each side, unless increased by agreement of parties or Court Order.

NFM states that each fact deposition should be limited to a maximum of seven (7) hours unless extended by agreement of parties or Court Order. Kelora believes that the Federal Rules of Civil Procedure and the case authority construing those rules should govern the duration of depositions.

Responses to contention interrogatories shall be due 30 days after the deadline to complete document production.

NFM believes that because the Court summarily adjudicated that Kelora may not seek damages for infringement before November 2, 2010 in Case No. 10-04947-CW, discovery concerning liability and damages shall be limited to the time period after November 2, 2010. Kelora disagrees with such proposed restrictions and believes that the scope of discovery should be determined by the Federal Rules of Civil Procedure and the case authority construing those rules.

Unless otherwise agreed among the parties or ordered by the Court, the default limitations on discovery under the Federal Rules of Civil Procedure shall apply.

The parties agree that no party may engage in discovery conduct that is unduly burdensome or harassing in nature. Notwithstanding this agreement, either party may seek leave of court to exceed these agreed upon limits for good cause shown.

### b. **Expert Discovery**

The parties agree that, consistent with the 2010 amendments to FEDERAL RULE OF CIVIL PROCEDURE 26, communications with experts and drafts of expert reports are not discoverable. The parties further agree that materials relied upon by experts in forming opinions expressed in final expert reports shall be discoverable.

An expert shall be made available for a deposition following service of an expert report. The deposition shall be limited to seven hours.

### c. **Privilege Issues**

(a) The parties agree that the inadvertent production or disclosure of privileged or otherwise protected materials shall not be deemed per se a waiver or impairment of any claim of privilege or protection. The parties agree that the provisions of Fed. R. Civ. P. 26(b)(5)(B) shall govern the procedures for assertion of privilege on privileged documents inadvertently produced.

(b) The parties agree that the following do not need to be included on any privilege log provided pursuant to Rule 26(b)(5): any communications and documents generated after the commencement of the litigation, if privileged or protected as work product.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

Notwithstanding the foregoing, the parties reserve the right to request information within the scope of Rule 26(b)(5)(A) regarding such communications and documents on a case-by-case basis.

### d. **Protective Order**

The parties will submit to the Court a proposed Protective Order governing the production and use of confidential information to be produced.

### e. **Electronic Service**

The parties consent in writing that service by electronic means shall be allowed as set forth in FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that a document is deemed served on a particular day if sent by midnight Pacific time on that calendar day; otherwise it is deemed served on the next calendar day. The parties will meet and confer regarding service lists, but in the absence of any additional agreement, the parties will serve only those counsel of record who are deemed to have consented to electronic service.

### f. **Electronic Discovery**

The parties agree to produce all documents electronically, and agree to discuss and seek agreement on protocols with respect to identification, review, and production of electronically stored information. Electronically stored information shall be produced in an electronic format to be agreed upon by the parties (e.g., OCR and TIFF files with a Concordance, Summation, or like compatible load file) and to reasonably accommodate one another's requests for OCR and load-file information to allow processing of production documents by the receiving party. Additionally, the parties agree to reasonably accommodate one another's requests for production of certain documents in native format, such as financial information in native Excel format, to facilitate use by each party and their experts. The parties will meet and confer regarding the scope and logistics of document production. The parties agree that this paragraph is not intended to alter the scope of discovery in this case.

### g. Topics of Patent L.R. 2-1(a)(1)-(4)

(1) Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case: The parties have included proposed modifications to the obligations and deadlines established by the Patent Local Rules in the proposed schedule in Section 17 below.

(2) The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the court: The scope and timing of discovery is set forth in Section 8 and the proposed schedule in Section 17 below.

(3) The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing: Kelora does not intend to rely upon live testimony for the Claim Construction Hearing. NFM is still considering whether it wishes to rely on live testimony. Unless the Court prefers otherwise, the parties agree that argument will proceed on a term-by-term basis, with both sides presenting argument on a term before the next term is addressed. The parties anticipate that the Claim Construction Hearing will take at least one (1) day.

(4) How the parties intend to educate the court on the technology at issue.

Kelora believes that no tutorial is necessary, but will provide one as ordered by the Court. NFM believes a tutorial will be beneficial and will provide a tutorial to the court in the form and at the time of the Court's preference.

### 9. Class Actions

> Class Actions: If a class action, a proposal for how and when the class will be certified.

This is not a class action.

### 10. Related Cases

> Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

The following other pending patent cases all involve the '821 patent:

- *PartsRiver, Inc., v. Shopzilla, Inc.; Yahoo! Inc.; eBay Inc.; and Microsoft Corporation*, No. 4:09-cv-00811-CW (filed Feb. 25, 2009).
- *eBay, Inc. and Microsoft Corp. v. PartsRiver, Inc. and Kelora Systems, LLC*, No. 4:10-cv-04947-CW (filed Nov. 2, 2010)
- *Cabela's, Inc. v. Kelora Systems, LLC*, No. 3:11-cv-1398-CW (filed Mar. 23, 2011)
- *Kelora Systems, LLC v. Target Corporation et al.*, No. 5:11-cv-1548-CW (filed Nov. 8, 2010)

### 11. **Relief**

Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

Nebraska Furniture Mart seeks a judgment that the claims of the '821 patent are invalid and not infringed. NFM further seeks judgment that Kelora may not bring an action against it with respect to claims 1-4 and 9 of the '821 Patent for causes arising before November 2, 2010, a judgment that it is the prevailing party, that this is an exceptional case, and that it be awarded costs, expenses, disbursements, and reasonable attorney's fees.

Kelora denies that Nebraska Furniture Mart is entitled to any of the relief it seeks and prays for damages in the form of actual damages including lost profits and price erosion, but in no case less than a reasonable royalty, prejudgment and postjudgment interest and costs, attorney's fees, enhanced damages, and injunctive relief against Nebraska Furniture Mart.

### 12. **Settlement and ADR**

Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

In compliance with ADR L.R. 3-5, the parties are requesting private mediation, and expect to engage in private mediation in San Francisco, California. Details of the mediation are still being established by the parties.

### 13. Consent to Magistrate for All Purposes

Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

The parties do not all consent to a magistrate judge for all purposes.

### 14. Other References

Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

The parties do not, at present, suggest or identify any issues that are ripe for narrowing. Once discovery and dispositive motions are complete, NFM may seek bifurcation of certain issues, claims, or defenses and severance.

### 16. Expedited Schedule

Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

### 17. Scheduling

Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

The parties respectively propose the following schedule.

| Description | Kelora's Proposal[1] | NFM's Proposal |
|---|---|---|
| Case Management Conference | May 31, 2011 (per order of Court) | May 31, 2011 (per order of Court) |
| Deadline for Parties to Submit Joint Proposed Protective Order | June 6, 2011 | June 29, 2011 |
| Deadline for Initial Disclosures Pursuant to Rule 26(a)(1) | June 29, 2011 | June 29, 2011 |
| Disclosure of Asserted Claims and Infringement Contentions (Patent L.R. 3-1) Document Production Accompanying Disclosure (Patent L.R. 3-2) | June 9, 2011 | August 9, 2011 |
| Last day to amend Complaints without leave of Court | June 27, 2011 | December 9, 2011 |
| Invalidity Contentions (Patent L.R. 3-3) Document Production Accompanying Invalidity Contentions (Patent L.R. 3-4) | July 7, 2011 | October 10, 2011 |
| Last day to amend Answers without leave of Court | July 11, 2011 | December 9, 2011 |
| Exchange of Proposed Terms for Construction (Patent L.R. 4-1) | July 14, 2011 | December 13, 2011 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) | August 4, 2011 | December 20, 2011 |
| Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | August 25, 2011 | January 20, 2012 |
| Completion of Claim Construction Discovery (Patent L.R. 4-4) | September 2, 2011 | February 01, 2012 |
| Nebraska Furniture Mart to file opening briefs re: claim construction and any dispositive motions related to claim construction (contained within a single 25-page brief) | September 15, 2011 | February 15, 2012 |
| Kelora's opposition and any cross-motion contained within a single brief | October 6, 2011 | March 12, 2012 |
| Nebraska Furniture Mart reply / opposition to cross-motion (contained within a single brief) | October 27, 2011 | April 2, 2012 |

---

[1] Kelora Asserts: As of July 14, 2011 (exchange of proposed terms for construction), these proposed dates converge with the dates in the schedule ordered in Case No. 10-4947.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

| Description | Kelora's Proposal[1] | NFM's Proposal |
|---|---|---|
| Kelora's surreply | November 3, 2011 | April 9, 2012 |
| Hearing on claim construction and related dispositive motions | November 17, 2011 2:00 p.m. | April 16, 2012, or at the Court's Convenience |
| Completion of Fact Discovery | February 3, 2012 | April 27, 2012 |
| Nebraska Furniture Mart to produce or make available opinion of counsel and related documents relied upon as defense to willful infringement, etc. (Patent L.R. 3-7) | 50 days after Claim Construction Order | 50 days after Claim Construction Order |
| Disclosure of identities and reports of expert witnesses | 50 days after Claim Construction Order | 50 days after Claim Construction Order |
| Rebuttal expert reports | 21 days after opening reports | 21 days after opening reports |
| Completion of Expert Discovery | 49 days after opening reports | 49 days after opening reports |
| Case Management Conference to finalize schedule for trial | April 10, 2012, 2:00 p.m. | |
| Parties to exchange (but not file or lodge) the papers described in Civil L.R. 16-10(b) (7), (8), (9), and (10), and their motions in limine (Standing Order for Pretrial Preparation, ¶ 1) | 30+ days before final pretrial conference | 30+ days before final pretrial conference |
| Deadline to meet and confer regarding Pretrial Conference Statement (Standing Order for Pretrial Preparation, ¶ 2) | 21 days before final pretrial conference | 21 days before final pretrial conference |
| File Joint Pretrial Conference Statement, exhibit list and objections, witness list, discovery responses, trial briefs, motions in limine, joint proposed voir dire, joint proposed jury instructions, and proposed verdict forms (Standing Order for Pretrial Preparation, ¶ 3) | 14 days before final pretrial conference | 14 days before final pretrial conference |
| Final Pretrial Conference | 14 days before trial | 14 days before trial |
| Trial | 10 days of trial beginning at the Court's convenience | 5 days of trial beginning at the Court's convenience |

**18. Trial**

> Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

The parties have demanded trial by jury. Kelora expects trial to last 10 days. NFM expects trial to last 5 days. However, the parties propose addressing the final trial date, whether certain issues will be bifurcated, whether all parties will be tried together or in separate trials, etc., be finally determined at a case management conference shortly after the close of expert discovery, as proposed in Section 17.

**19. Disclosure of Non-Party Interested Entities or Persons**

> Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Both Nebraska Furniture Mart and Kelora have filed the "Certificate of Interested Entities or Person" as required by Civil Local Rule 3-16.

*Kelora Systems, LLC*: Rule 7.1 disclosures were filed on April 8, 2011 [Dkt. No. 14]. Civil L.R. 3-16 disclosures were filed on May 26, 2011 [Dkt No. 27]. With respect to Rule 7.1, there is no parent corporation for Kelora, and there is no publicly held corporation owning 10% or more of the stock of Kelora. With respect to Civil L.R. 3-16, other than the named parties, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Mohamed Sherif Danish, Member of Kelora Systems, LLC; Robert Dailey, Member of Kelora Systems, LLC; Kris Kimbrough, Member of Kelora Systems, LLC; and Susan St. Ledger, Member of Kelora Systems, LLC.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

*Nebraska Furniture Mart, Inc.*: NFM's Rule 7.1 disclosures were filed on March 23, 2011 [Dkt. No. 4]. Civil L.R. 3-16 disclosures were filed on May 26, 2011 [Dkt No. 28]. Pursuant to Civil Local Rule 3-16 and Rule 7.1 of the Federal Rules of Civil Procedure, the undersigned certifies on behalf of Nebraska Furniture Mart, Inc. that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Nebraska Furniture Mart, Inc. is a wholly owned subsidiary of Berkshire Hathaway Inc., a publicly held corporation; Berkshire Hathaway Inc. does not have any parent corporation and no publicly held corporation owns 10% more of its stock.

### 20. **Other**

> Other: Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

Kelora's Statement: Kelora believes that this declaratory judgment action should be consolidated into Case. No. 10-4947 at least for pre-trial purposes, and the proposed schedule reflects that. However, at this point, Kelora is not willing to agree to a consolidated trial schedule with Case No. 10-4947 or other related cases. Rather, after the close of discovery and the rulings on dispositive motions, Kelora believes the parties should meet and confer regarding how to try the remaining issues, and propose a plan for trial. A corresponding case management conference is provided in the schedule of Section 17.

NFM's Statement: NFM believes that, due to the trailing nature of this case which was only recently transferred to this Court, requiring NFM to comply with the same schedule as either Case No. 10-4947 or Case Nos. 11-1398 and 11-1548 would be inappropriate and unduly burdensome. Nonetheless, if the Court desires to place NFM on a shared schedule for purposes of convenience and efficiency, NFM suggests that it would be appropriate that this case proceed on the schedule proposed by Cabela's and the Target Defendants in the Joint Proposed Schedule of Case Nos. 11-1398 and 11-1548 submitted on May 24, 2011.

Dated: May 26, 2011

Respectfully submitted,

By: *s/ Robert D. Becker*
    Robert D. Becker (Bar No. 160648)
      &lt;rbecker@manatt.com&gt;
    Ronald S. Katz (Bar No. 85713)
      &lt;rkatz@manatt.com&gt;
    Shawn G. Hansen (Bar No. 197033)
      &lt;shansen@manatt.com&gt;
    MANATT, PHELPS & PHILLIPS, LLP
    1001 Page Mill Road, Building 2
    Palo Alto, CA  94304-1006
    Telephone:   (650) 812-1300
    Facsimile:     (650) 213-0260

*Counsel for*
KELORA SYSTEMS, LLC

By: *s/ Graham L. Day*
    Graham L. Day (Bar No.186553)
      gday@polsinelli.com
    Keith J. Grady (*Of Counsel*)
      kgrady@polsinelli.com
    POLSINELLI SHUGHART PC
    100 S. Fourth Street, Suite 1000
    St. Louis, MO 63102
    Tel. (314) 889-8000
    Fax.(314) 231-1776

    Roderick M. Thompson (Bar No. 96192)
      rthompson@fbm.com
    FARELLA BRAUN + MARTEL LLP
    235 Montgomery Street, 17th Floor
    San Francisco, CA  94104
    Telephone:(415) 954-4400
    Facsimile: (415) 954-4480

*Counsel for*
ATTORNEYS FOR PLAINTIFF NEBRASKA FURNITURE MART, INC.

**SIGNATURE ATTESTATION**

Pursuant to General Order No. 45(X)(B), I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.

/s/ Robert D. Becker

# [PROPOSED] CASE MANAGEMENT ORDER

The **JOINT CASE MANAGEMENT STATEMENT** above is hereby adopted by the Court as the Case Management Order for the case, and the parties are ordered to comply with this Order.

Dated: _____

CLAUDIA WILKEN
United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2011, all counsel of record who are deemed to have consented to electronic service are being served, via the Court's CM/ECF system pursuant to Civil L.R. 5-4 and General Order 45, with a copy of the foregoing JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER.

By: */s/ Robert D. Becker*
Robert D. Becker

300260156.1